UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMMED HOSSAIN,

      Plaintiff

v.

CONVERGENT OUTSOURCING INC,

      Defendant

_____/

**COMPLAINT**
Case No.: 17cv5515
Request for Jury Trial

Plaintiff, Mohammed Hossain ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Convergent Outsourcing Inc., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Mohammed Hossain is a resident of State of New York and currently resides at 9512 150th Street, Jamaica, NY 11435.

6. Defendant Convergent Outsourcing Inc., is a company engaged in the business of collecting debts with a principal place of business located at 800 SW 39th St, Renton, WA 98057-4975.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. The Defendant was listed as collecting on his credit report, therefore the Plaintiff contacted them in order to obtain information on his account.

12. On August 8, 2017, the Plaintiff called the Defendant to obtain information about the account listed on his credit report.

13. Plaintiff stated: "Those money I already paid, can you please dispute it over the phone?"

14. Defendant's representative stated: "Well, if you can provide some sort of proof of that payment…"

15. Plaintiff stated: "I don't have proof, this was six years ago man! It was almost six years ago."

16. Defendant's representative stated: "Well, they're not showing that rest of that file paid off. The last one they are showing was in December of 2011…"

17. Plaintiff stated: "No, I sent the payment…"

18. Defendant's representative stated: "…for $208.55"

19. Plaintiff stated: "And, also they did not send my security deposit. They own me money. Not me. So please dispute this one over the phone."

20. Defendant's representative stated: "Well, as I said we'll need you to provide proof of the final payment, they are not showing that payment was ever made."

21. Plaintiff stated: "I don't have any proof. Six years ago this happened. So how can I…how could I send you proof? It's like six years ago."

22. Defendant's representative stated: "I understand."

23. Plaintiff stated: "Ok. So please dispute that."

24. Defendant's representative stated: "Ok. Sir, I can put it into a dispute status, but you're still going to need to provide proof of payment."

25. Plaintiff stated: "I don't have…"

26. Defendant's representative stated: "I'm showing you still owe an outstanding balance. I mean anybody can say they made a payment, but if you don't have proof what more can we do?"

27. Plaintiff stated: "Ok. Dispute it. Just dispute it"

28. Defendant's representative stated: "Not until I have proof of payment."

29. Plaintiff stated: "Just dispute it. What else I can tell you?"

30. Defendant's representative stated: "Well, sir you could contact the bank you had back then and get…"

31. The call then ended.

32. The Defendant refused to grant the Plaintiff's request to dispute his account, despite the Plaintiff's repeated requests to do so.

33. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

36. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he needed to send proof of payment in order for his dispute to be fully processed.

37. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

40. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he needed to send proof of payment in order for his dispute to be fully processed.

41. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

44. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and

informing the Plaintiff that he needed to send proof of payment in order for his dispute to be fully processed.

45. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

48. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he needed to send proof of payment in order for his dispute to be fully processed.

49. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

50. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 20, 2017

                                                    Respectfully submitted,

                                                    __s/Subhan Tariq_____
                                                    Subhan Tariq, Esq.
                                                    Attorney I.D.# ST9597
                                                    The Tariq Law Firm, PLLC
                                                    **Attorney for Plaintiff**
                                                    9052 171st Street
                                                    Jamaica Estates, NY 11432
                                                    Telephone: (516) 900-4529
                                                    Facsimile: (516) 453-0490
                                                    Email: subhan@tariqlaw.com

To:     Convergent Outsourcing Inc.
         800 SW 39th St
         Renton, WA 98057-4975
         (*via Prescribed Service*)

         Clerk of the Court,
         United States District Court
         Eastern District of New York
         255 Cadman Plaza E.
         Brooklyn, NY 11201

         (*For Filing Purposes*)